FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR 30  PM 12: 43

LORETTA G. WHYTE
CLERK



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO. 05-026** |
| **V.** | * | **SECTION: "R" (2)** |
| **EDWIN E. BURKS** | * | **VIOLATION: 18 U.S.C. § 1030(a)(4)** |

\*     \*     \*

## <u>FACTUAL BASIS</u>

Should this matter proceed to trial, both the Government and the defendant, **EDWIN E.**

**BURKS,** do hereby stipulate and agree that the following facts set forth a sufficient factual basis

for the crime to which the defendant is pleading guilty:

The Government would show that at all times mentioned in the indictment, the defendant,

**EDWIN E. BURKS,** was employed as an Assistant City Attorney for the City of New Orleans

for approximately twelve (12) years.  He worked in the Traffic Court complex located at 727

South Broad Street, New Orleans, Louisiana and was assigned to Section C for the past eight (8)

years.

Representatives from Traffic Court and the State of Louisiana Department of Public

Safety and Corrections, Office of Motor Vehicles, would testify to the following:

Traffic Court is responsible for the adjudication and/or resolution of traffic citations

issued in the geographical boundaries of the Parish of Orleans by the New Orleans Police

1

___ Fee_____
___ Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

Department, Louisiana State Police, Levee Police, Harbor Police, Orleans Parish Criminal Sheriff's Department, and Crescent City Connection Police Department. Traffic Court has jurisdiction to preside over all moving violations as well as certain offenses involving the operation of a motor vehicle while under the influence of alcohol.

All traffic citations are initially scanned upon receipt by Traffic Court and then the information contained on the citation is manually entered into the AS 400 Traffic Court Computer System (T.C.C.S.). Once entered, the information concerning a traffic violation is available, thereby allowing offenders to access and resolve their traffic citation. Offenders can resolve traffic ciations by accessing the T.C.C.S. by entering a plea of guilty or by requesting a trial date on-line. Offenders may also utilize the Interactive Voice Response System to resolve their citations by phone or offenders can resolve their citation by mailing in a copy of their citation through the use of the United States Postal Service.

A plea of guilty or a dismissal for a moving violation results in a specific case event code which causes a traffic court employee, either a cashier, minute clerk, Judge, Assistant City Attorney, or other judicial staff or court official to log onto the T.C.C.S. in order to record the disposition of the offender's traffic citation. Traffic Court employees who wish to log onto the T.C.C.S. must have a valid user ID and password.

Pursuant to Louisiana Revised Statute, 32:393C(1)(b), when an offender is convicted of a moving violation, a record of that conviction is created and forwarded to the State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles (OMV) in Baton Rouge, Louisiana. The Louisiana OMV utilizes a computer system referred to as the Driver

Management Database (DMB).

Notices of convictions are stored electronically via the OMV's Computer System by individual driving record in the DMB. All state and federal law enforcement agencies, the judiciary and other approved governmental or other entities access the DMB in order to obtain information on individual driving records.

Further, an individual's driving record contained in the DMB is provided to insurance companies who satisfy or meet the OMV established departmental protocols. Pursuant to state law, the OMV has a legal obligation to provide driving records to insurance companies.

A Dismissal or finding of "Nolle Prosequi" of a traffic citation in New Orleans Traffic Court results in an inaccurate or incomplete driving record in the DMB, thereby affecting interstate and foreign commerce. The government would call witnesses to testify that the DMB is a protected computer as defined in Title 18, United States Code, Section 1030.

Further, when a person is convicted of a moving violation, typically the offender is required to pay a fine and/or court costs. The revenues generated from traffic citation convictions are used by the City of New Orleans and specifically by Traffic Court to purchase goods and services which travel in and affect interstate commerce. Many items purchased by Traffic Court, such as automobiles, computers, and office supplies are manufactured outside of the State of Louisiana.

Special Agents from the Federal Bureau of Investigation (FBI) would testify that **EDWIN E. BURKS** from on or about March 11, 2004, through on or about April 8, 2004, met with an

undercover FBI agent who the defendant believed to be a taxi driver who wanted to resolve several outstanding traffic citations. FBI agents would testify that **EDWIN E. BURKS** accepted approximately $1,000 in U.S. Currency and, in return, the defendant agreed to, and did, "Nolle Prosequi", or dismiss the traffic citations issued to the undercover agent. **EDWIN E. BURKS** provided to the FBI agent written confirmation that the traffic citations had in fact been dismissed by the defendant.

Lastly, the government would introduce through Special Agents of the FBI video and audio surveillance of the events described above and in the indictment. Additionally, FBI Special Agents would testify regarding several voluntary, non-custodial statements which the defendant provided to them on several different occasions.

**EDWIN E. BURKS** acknowledges that the above referenced conduct constitutes a knowing violation of Title 18, United States Code, Section 1030(a)(4).


_____     3/30/05
**EDWIN E. BURKS**                   Date
Defendant


_____     3/30/05
**FRANK DESALVO**                    Date
Attorney for the Defendant


_____     3/30/05
**ALBERT J. WINTERS**                Date
Assistant United States Attorney


_____     3/30/05
**BRIAN M. KLEBBA**                  Date
Assistant United States Attorney